IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RICARDO ESQUEDA-MARTINEZ,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE AND CORRECT SENTENCE<br><br><br><br>Civil Case No. 2:08-CV-518 TS<br><br>Criminal Case No. 2:08-CR-72 TS |

This matter is before the Court on Petitioner's Motion to Vacate and Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

On January 30, 2008, Petitioner was indicted on one court of Reentry of a Previously Removed Alien in violation of 8 U.S.C. § 1326. Petitioner pleaded guilty to that count on April 3, 2008. Petitioner accepted the benefit of this district's "fast track" program for illegal reentry cases. In the plea agreement, Petitioner agreed: to waive his right to appeal, to not file any motion for a departure or a variance from the applicable guideline range, and to the reinstatement of his previous removal order. In exchange, the government agreed to recommend that Petitioner

1

receive an appropriate reduction for acceptance of responsibility and to move for a two-level reduction in accordance with the district's "fact track" program.

Petitioner was sentenced that same day to 37 months imprisonment. Petitioner did not pursue direct appeal. Petitioner timely filed this Motion on July 7, 2008. Petitioner's Motion makes two claims: (1) that he is entitled to a downward departure or variance based on post-conviction rehabilitation; and (2) that his counsel was ineffective for failing to seek a downward departure or variance based on Petitioner's status as a deportable alien.

## II. ANALYSIS

A.    APPEAL WAIVER

In his plea agreement,[1] Petitioner waived both his direct and collateral appeal rights as follows:

> Fully understanding my limited right to appeal my sentence, as explained above, and in consideration of the concessions and/or commitments made by the United States in this plea agreement:
> (a) I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, except I do not waive my right to appeal a sentence (1) above the maximum penalty provided in the statutes of conviction as set forth in paragraph 2 above; (2) an upward departure above the high end of the Guideline range determined by the Court to apply to me and the facts of my case; or (3) if the Court fails to apply the two-level "fast track" reduction recommended by the government; and
> (b) I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255, except on the basis of ineffective assistance of counsel.[2]

---

[1] Docket No. 15 in Case No. 2:08-CR-72 TS.

[2] *Id.* at ¶ 10.

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."[3]  In determining the enforceability of such waivers, the Court is to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[4]

    1.    *Scope of Appeal Waiver*

As noted above, Petitioner signed a broad waiver of appellate rights, which included the waiver of his "right to challenge [his] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255, except on the basis of ineffective assistance of counsel."[5]  The waiver, as it relates to this Motion contained an exception for claims of ineffective assistance of counsel.[6]

Not only does this language provide for a clear, express waiver of collateral appeal rights, it also references the exact statutory provision under which this action is brought—§ 2255.  The Court detects no ambiguity whatsoever in the language.  Thus, the first claim in Petitioner's Motion falls within the scope of the waiver, but Petitioner's second falls within the exception contained therein.  Petitioner's second claim will be discussed in more detail below.

---

[3] *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

[4] *United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc)).

[5] Docket No. 15 ¶ 10 in Case No. 2:08-CR-72 TS.

[6] *Id*.

2.     *Knowing and Voluntary Waiver*

The Tenth Circuit has held that it will "only enforce appeal waivers that defendants enter into knowingly and voluntarily."[7] In determining whether an appellate waiver is knowing and voluntary, the Court looks to two factors: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily,"[8] and (2) whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy."[9] Further, the Supreme Court has stated that "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances – even though the defendant may now know the *specific detailed* consequences of invoking it."[10]

First, the Court finds that the language of the plea agreement at issue here expressly states that Petitioner entered into the agreement knowingly and voluntarily. The language of the appeal waiver states that "[f]ully understanding my limited right to appeal my sentence . . . I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined" and further that "I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to

---

[7]*Hahn*, 359 F.3d at 1328 (citing *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

[8]*Id*. at 1325 (citing *Elliot*, 264 F.3d at 1174 n.1) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and voluntarily waive[d] the right' to appeal.").

[9]*Id*. (internal citations omitted).

[10]*United States v. Ruiz*, 536 U.S. 622, 629-30 (2002) (emphasis in original).

a motion brought under Title 28, United States Code, Section 2255, except on the basis of ineffective assistance of counsel."[11]

Next, the Court considers whether there was an adequate Rule 11 colloquy conducted on the record between the Court and Petitioner. The Court notes that Petitioner bears the "burden to present evidence from the record establishing that he did not understand the waiver."[12] Having reviewed the plea colloquy, the Court finds that it was adequate under Rule 11.

In addition to the plea colloquy, in the written plea agreement, Petitioner signed his name beneath the following statements, among others: "No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea. . . . I have discussed this case and this plea with my lawyer as much as I wish to. I am satisfied with my lawyer. My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case, and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when the decision to enter the plea was made and I am not now under the influence of drugs, medication, or intoxicants. I have no mental reservations concerning the plea."[13]

Considering the above, the Court finds that both Petitioner's plea of guilty and his collateral appeal waiver were "knowingly and voluntarily made."

---

[11] Docket No. 15 ¶ 10 in Case No. 2:08-CR-72 TS.

[12] *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003).

[13] Docket No. 15 in Case No. 2:08-CR-72 TS.

3.     *Miscarriage of Justice*

The third prong of the appellate waiver enforcement analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."[14]

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[15]

Petitioner bears the burden of establishing a miscarriage of justice.[16]

First, there is no evidence that the Court relied upon an impermissible factor. Second, Petitioner's ineffective assistance of counsel claim does not allege ineffective assistance in connection with the waiver or the plea. Third, the sentence issued here did not exceed the statutory maximum. Finally, the waiver is not otherwise unlawful and does not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

The Court finds that this collateral appeal, with the exception of Petitioner's ineffective assistance claim, is within the scope of Petitioner's waiver, that the waiver was knowing and voluntary, and that enforcing the waiver would not result in a miscarriage of justice. Therefore, this Court will enforce Petitioner's waiver. Therefore, the Court need not address whether Petitioner is or was entitled to a downward departure or variance based on post-conviction rehabilitation.

---

[14] *Hahn*, 359 F.3d at 1327 (internal citations omitted).

[15] *Porter*, 405 F.3d at 1143 (citing *Hahn*, 359 F.3d at 1327).

[16] *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

B.    INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner contends that his counsel was ineffective for failing to move for a downward departure or variance based on the inequitable treatment Petitioner would receive by the Bureau of Prisons because of Petitioner's status as a deportable alien.

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel. "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[17]

To successfully claim ineffective assistance then, Petitioner must show two things. First, he must show that Counsel functioned deficiently.[18] "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[19]  Second, he must show that Counsel's deficient functioning prejudiced Petitioner's defense.[20] "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable."[21]  Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[22]

---

[17]*United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)).

[18]*Strickland*, 466 U.S. at 687.

[19]*Id*.

[20]*Id*.

[21]*Id*.

[22]*Id*.

A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[23] In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[24] Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[25]

The Court cannot find that Petitioner's counsel was ineffective. As stated above, Petitioner's plea agreement contained a statement that Petitioner would not file a motion for a departure or variance from the guideline range. If Petitioner's counsel had made a motion for a departure or variance based on Petitioner's status as a deportable alien, he would have risked losing the two-point reduction that the government had agreed to as a result of Petitioner's participation in the "fast track" program. Further, the case of *United States v. Smith*,[26] cited by Petitioner, provides authority that Petitioner's counsel could have filed a motion for downward departure on the grounds of Petitioner's status as a deportable alien.[27] However, *Smith* does not require such a departure.[28] Under these circumstances, the Court cannot find that Petitioner's counsel's performance fell below an objective standard of reasonableness.

---

[23] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[24] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[25] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

[26] 27 F.3d 649 (D.C. Cir. 1994)

[27] *Id*. at 655.

[28] *United States v. Acevedo*, 2000 WL 764563, at *2 (D. Kan. 2000)

### III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's Original § 2255 Motion (Docket No. 1 in Case No. 2:08-CV-518 TS) is DENIED for the reasons set forth above.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close Case No. 2:08-CV-518 TS forthwith.

SO ORDERED.

DATED   April 21, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge